■  In the Matter of the Claim of HARRIET SMERTENKO, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 17, 1974, which adopted and affirmed a referee's decision sustaining initial determinations of the Industrial Commissioner which disqualified the claimant from receiving benefits because she refused employment without good cause and imposed a forfeiture of 12 effective days upon the ground that the claimant willfully made false statements to obtain benefits. The claimant refused referrals by the representatives of the respondent to two prospective employments upon the ground that the referrals required stenographic skills at the rate of 100 words per minute which she alleged was beyond her competency. In regard to her actual stenographic ability, the claimant made certain statements to the respondent's representatives which were not accurate representations of the stenographic skills utilized by her in her last employment. Issues of credibility are for the board and the record contains substantial evidence to support its findings. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.

■  In the Matter of the Claim of RALPHIEL ALEXANDER, Appellant. LOUIS L. LEVINE, as Industrial Commissioner, Respondent.—Appeal from a decision of the Unemployment Insurance Appeal Board, filed May 30, 1974, which affirmed the decision of a referee sustaining the initial determination of the Industrial Commissioner disqualifying claimant from receiving benefits on the ground that he voluntarily left his employment without good cause by provoking his discharge. Claimant's attendance record at work was extremely poor, and the record reveals that the claimant had been warned as to the consequences if the absenteeism continued. The claimant's proffered excuses for his absence and for his failure to call the employer, as required, presented the board with factual issues and issues of credibility which were resolved adversely to the claimant. Since the board's determinations were within its province and supported by substantial evidence, they must be sustained *(Matter of Lester [Catherwood],* 30 AD2d 1025). While the doctrine of provoked discharge has been limited by *Matter of James (Levine),* 34 NY2d 491, the deportment of the claimant here would permit disqualification for misconduct *(Matter of Rivera [Levine],* 47 AD2d 569), and, following the procedure in *Matter of James (supra),* we hold claimant lost employment through his own misconduct. Decision affirmed, without costs. Herlihy, P. J., Greenblott, Koreman, Main and Reynolds, JJ., concur.